445 F.3d 538
 WB MUSIC CORP., Warner/Chappell Music, Inc. doing business as Chappell & Co., Warner Bros., Inc., and Alice Coltrane doing business as Jowcol Music and Music Sales Corp., Plaintiffs-Appellants,
v.
RTV COMMUNICATION GROUP, INC., RTV Service Corp., and Joe Miklas, Curator of the Estate of Robert W. Schachner, Defendants-Appellees.
 Docket No. 04-3890-CV(L).
 Docket No. 04-3892-CV(CON).
 Docket No. 04-3901-CV(CON).
 United States Court of Appeals, Second Circuit.
 Argued: October 7, 2005.
 Decided: April 19, 2006.
 
 Carey R. Ramos (Lesley Friedman Rosenthal and John H. Longwell, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y. (John F. Delaney, Morrison & Foerster LLP, New York, NY, on the brief, Paul Goldstein, Stanford, CA, and Jacqueline C. Charlesworth, New York, NY, of counsel), for Plaintiffs-Appellants.
 Joe Miklas, Curator of the Estate of Robert W. Schachner, Tavernier, FL, Defendant-Appellee pro se.
 Before: WALKER, Chief Judge, FEINBERG and STRAUB, Circuit Judges.
 JOHN M. WALKER, JR., Chief Judge.
 
 
 1
 The plaintiffs-appellants in these consolidated cases appeal from final judgments of the United States District Court for the Southern District of New York (John F. Keenan, Judge) awarding them statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c). The district court computed statutory damages based on seven "compilations," in the form of compact discs prepared by the defendants, that infringed the copyrights in thirteen separate works owned by the plaintiffs. We hold that, for purposes of statutory damages under § 504(c), a compilation created without authorization from the owners of the separate, infringed copyrights in its constituent parts is not a compilation contemplated by the last sentence of § 504(c)(1), which states that "[f]or the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." We vacate the judgments of the district court and remand these cases for the district court to recalculate the amount of statutory damages.
 
 BACKGROUND
 
 2
 The plaintiffs-appellants, music publishers who own copyrights in musical compositions, sued the defendants-appellees for copyright infringement. The three complaints in the cases now on appeal alleged that (1) the two corporate defendants made and distributed copies of seven compact-disc ("CD") products containing songs that infringed the plaintiffs-appellants' copyrights in thirteen musical works and (2) defendant Robert W. Schachner was the president of the corporate defendants and guided their illegal activities. When the defendants defaulted, the district court entered default judgments that referred the cases to a magistrate judge for a hearing on damages.
 
 
 3
 At the hearing, the plaintiffs elected to recover statutory damages as provided by 17 U.S.C. § 504(c). The magistrate judge concluded that the infringement was willful, allowing the recovery of increased statutory damages, and he then computed the amount of recommended statutory damages with reference to copyright case law. The plaintiffs and defendants both timely objected to the magistrate judge's report. The plaintiffs argued that the magistrate judge erroneously interpreted copyright law in computing the amount of statutory damages, but the district court disagreed and adopted the magistrate judge's report in its entirety. The defendants argued that the infringement was not willful or in bad faith, a position that the district court rejected. The district court entered judgments against the defendants jointly and severally. This timely appeal followed.[1]
 
 DISCUSSION
 
 4
 The district court awarded statutory damages under 17 U.S.C. § 504(c). The version of that statute that governs this appeal provides in subsection (c)(1) that
 
 
 5
 the copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $500 or more than $20,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
 
 
 6
 17 U.S.C. § 504(c)(1) (1994). Subsection (c)(2) raises the maximum statutory damage award to $100,000 when, as the district court did here, "the court finds . . . that infringement was committed willfully." Id. § 504(c)(2).[2] The district court, adopting the magistrate judge's report and recommendation, interpreted § 504(c)(1) as providing one statutory damage award for each of the defendants' CD products that contained one or more infringing songs.
 
 
 7
 This interpretation was in error. We do not think that the district court failed to understand the general principle that "the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 192-93 (1st Cir.2004) (quoting Mason v. Montgomery Data, Inc., 967 F.2d 135, 143-44 (5th Cir. 1992)) (emphasis and quotation marks omitted); accord Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir.1993); Walt Disney Co. v. Powell, 897 F.2d 565, 569 (D.C.Cir.1990).[3] As these courts have noted, § 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that "an award" (singular tense) of statutory damages is available for "all infringements involved in the action" regarding any one work.
 
 
 8
 Rather, the district court appears to have concluded that, even though there were thirteen copied works and thus thirteen infringed copyrights, the last sentence of § 504(c)(1) required the court to award only seven statutory damage awards, one for each of the defendants-appellees' CD products. That sentence provides that "[f]or the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1). The district court must have believed that if two or more of the plaintiffs' copyrighted works were included by the defendants on a single CD, that CD was a "compilation" that constituted only one work for purposes of computing statutory damages.
 
 
 9
 To be sure, the last sentence of § 504(c)(1) is facially ambiguous as to the question posed here: whether a compilation that infringes multiple separate copyrights and is created without the authorization of the infringed copyrights' owners constitutes "one work." But this court has already answered that question in the negative. In Twin Peaks Productions v. Publications International, 996 F.2d 1366 (2d Cir.1993), the issue presented was whether eight separately written teleplays of the television show Twin Peaks, illegally copied into one book published by the defendant, id. at 1370-78, constituted eight works or one work for purposes of statutory damages under § 504(c)(1). We held that the defendant's unauthorized compilation of multiple separate copyrights did not trigger the last sentence of § 504(c)(1) and that eight awards, not one award, of statutory damages were warranted.[4] Id. As in Twin Peaks, there is no evidence here that any of the separately copyrighted works were included in a compilation authorized by the copyright owners. Rather, the compilations were created by the defendants. Thus, Twin Peaks is squarely controlling. Each of the plaintiffs' separate copyrighted works constitutes one work for purposes of § 504(c)(1), and accordingly the defendants' infringement of thirteen copyrights by copying thirteen songs onto seven distinct CD products warrants thirteen statutory damage awards. On remand, the district court should allow the plaintiffs-appellants to recover thirteen awards of statutory damages, each in an amount not less than $500 or more than $100,000 as the court considers just. See 17 U.S.C. § 504(c).
 
 CONCLUSION
 
 10
 We VACATE the judgments of the district court and REMAND these cases for the district court to recalculate the amount of statutory damages consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 After the plaintiffs filed this appeal, defendant Schachner died. An attorney, he was representing himself and the two corporate defendants, which we understand to be administratively dissolved under Florida law but still amenable to suitSee Fla. Stat. Ann. § 607.1421(3). The plaintiffs have declared under 28 U.S.C. § 1746 that, following Schachner's death, they served notice of these proceedings upon directors of the two corporate defendants, a permissible means of service under Florida law. See Fla. Stat. Ann. § 48.081(1)(c). And pursuant to Federal Rule of Appellate Procedure 43(a)(1), we have substituted for deceased defendant Schachner the Florida-court-appointed curator of his estate. The curator of Schachner's estate has stated that he has no substantive response to the appeal, and we have received no briefing from the corporate defendants-appellees.
 
 
 [2]
 The current version of the Copyright Act allows for a statutory damage award ranging from $750 to $30,000 absent a finding of willfulness and for a maximum statutory damage award of $150,000 for willful infringement. 17 U.S.C. § 504(c) (2000)
 
 
 [3]
 See also H.R.Rep. No. 94-1476, at 162 (1976) ("Where the suit involves infringement of more than one separate and independent work, minimum statutory damages for each work must be awarded.").
 
 
 [4]
 InTwin Peaks, we left open the question whether the "overlapping copyrights" doctrine of Robert Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096 (2d Cir.1976), survived the passage of the Copyright Act of 1976 because we found ourselves confronted only by the "easy case" in which the infringed copyrights were plainly separate. Twin Peaks, 996 F.2d at 1381. See generally 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[E][1] (68th release 2005) (discussing the overlapping-copyrights doctrine and its origin in Stigwood's "live their own copyright life" test). We need not decide today the vitality of the overlapping-copyrights doctrine because the defendants did not raise this argument and have thus waived it. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998).